IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

DANIEL L. UFFNER, JR.

Plaintiff

vs                                              CIVIL 98-1671CCC

LA REUNION FRANCAISE, S.A.
T.L. DALLAS & CO., LTD., and
SCHAEFFER & ASSOCIATES, INC.

Defendants

## JUDGMENT

This action, arising from an alleged breach of a marine insurance contract, is now before us on defendants LA REUNION FRANCAISE, S.A., and T.L. DALLAS & CO. LTD.'s Motion to Dismiss (**docket entry 2**) on grounds of subject matter jurisdiction, failure to state a claim upon which relief can be granted and improper venue. Plaintiff opposed the motion (**docket entry 4**) and defendants replied to the opposition (**docket entry 8**). The facts giving rise to this action are as follows:

Plaintiff Daniel Uffner, Jr., a United States citizen domiciled in St. Thomas, U.S.V.I., was the owner of a sailing yacht LA MER which was allegedly insured under a marine policy issued/ underwritten by the defendants. On June 14, 1997 a fire erupted in the engine room of the vessel, forcing Uffner to abandon the yacht. The incident occurred near Isla Palominos, a small island about one nautical mile off the coast of Puerto Rico. Shortly thereafter, Uffner contacted his insurer to claim for the loss of the boat. Uffner's claim was denied, allegedly because of the absence of a "current out-of water survey." The suit revolves around the question of whether such a survey was necessary under the terms of the insurance contract.

Because the suit falls on the face of the complaint in that this forum is an improper venue and this Court lacks personal jurisdiction over any of the defendants, we address only those issues.

AO 72A
(Rev.8/82)

In a diversity case such as this one, personal jurisdiction over a nonresident defendant is constrained both by the long-arm statute of the forum state and the Due Process Clause of the Fourteenth Amendment. <u>Lyle Richards Intern., Ltd. v. Ashworth, Inc.</u> 132 F3d.111, 112, (1st Cir. 1997). Under Puerto Rico's long-arm statute, Rule of Civil Procedure 4.7(a), 32 L.P.R.A.App. III R 4, the court can take jurisdiction over a person not domiciled in Puerto Rico when "the action or claim arises because said person: (1) Transacted business in Puerto Rico Personally or through an agent; or (2) Participated in tortious acts within Puerto Rico personally or through his agent; or (3) Was involved in an automobile accident . . . ; or (4) was involved in an accident . . .; or (5) Owns, uses or possesses, personally or through his agent, real property in Puerto Rico. As explained by the Supreme Court of Puerto Rico, the determination of personal jurisdiction over nonresidents can be summarized in three rules:

> (1) The nonresident defendant must do some act or consummate some transaction within the forum. It is not necessary that defendant's agent be physically within the forum, for this act or transaction may be by mail only. A single event will suffice if its effects within the state are substantial enough to qualify under Rule Three.
>
> (2) The cause of action must be one which arises out of, or results from, the activities of the defendant within the forum. It is conceivable that the actual cause of action might come to fruition in another state, but because of the activities of the defendant in the forum state, there would still be a "substantial minimum contact.
>
> (3) Having established by Rules One and Two a minimum contact between the defendant and the state, the assumption of jurisdiction based upon such contact must be consonant with the due process tenets of "fair play" and "substantial justice." If this test is fulfilled, there exists a "substantial minimum contact" between the forum and the defendant. The reasonableness of subjecting the defendant to jurisdiction under this rule is frequently tested by standards analogous to those of forum non conveniens.

<u>Ind. Siderúrgica v. Thyssen Steel Caribbean</u>, 114 D.P.R. 548 (1983) (official translation, p. 727), quoting <u>A.H. Thomas Co. v. Superior Court</u>, 93 P.R.R. 864, 870 (1970).

Plaintiff, by his own admission, is domiciled in the Virgin Islands. Defendants LA REUNION FRANCAISE, S.A. is a French company with offices and its principal place of business in Paris, France. T.L. DALLAS & CO. LTD. has its office and principal place of

AO 72A
(Rev.8/82)

business in the United Kingdom, while SCHAEFFER & ASSOCIATES is a Georgia corporation. There are no allegations that any of these entities have any activities in Puerto Rico, have been involved in any accidents here, own any property here or, for that matter, have had contacts whatsoever with this forum.

With regard to the issue of venue, plaintiff argues that the "very occurrence which triggered the denial of insurance coverage happened one nautical mile east of Isla Palominos,"[1] an island located approximately two miles off the east coast of Puerto Rico. Unfortunately, plaintiff is focusing on the wrong event. This is a breach of contract case, not a tort claim. The triggering event was the defendant's denial of Uffner's claim made pursuant to what he believes are the terms of the contract.

The issue at bar is the interpretation of that contract. With regard to the contract, there are no allegations that it contains a forum selection clause designating Puerto Rico as the place to settle any disputes. It is not alleged that the contract was negotiated or formed here in Puerto Rico. No argument is made that this forum would be more convenient than any other for witnesses or documentary evidence is kept here. The fact that the boat happened to catch fire near Puerto Rico is a tenuous connection at best, given that Uffner is not alleging any acts on the part of defendants, or ties to Puerto Rico which could make them reasonably anticipate being haled into court here. Noonan v. The Winston Company, 135 F3d 85, 90 (1st Cir. 1998), quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980); Chaiken v. W Publishing Corp., 119 F3d 1018 (1st Cir. 1997).

It appears that the only connection with this jurisdiction is the fact that plaintiff's attorney has his offices here and practices before this Court. Unfortunately, this is not enough to invoke

---

[1] See Opposition to Schaeffer's Motion to Dismiss p.13 (docket entry 15)

CIVIL 98-1671CCC                                    4

the general jurisdiction in this matter. Because the Court does not have any information before it from which we could determine where jurisdiction would lie, we are unable to transfer it to another jurisdiction. Accordingly, the motion to dismiss is GRANTED. This action is DISMISSED, without prejudice.

SO ORDERED AND ADJUDGED.

At San Juan, Puerto Rico, on September 20, 1999.

CARMEN CONSUELO CEREZO
United States District Judge

AO 72A
(Rev.8/82)