IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

DANIEL L. UFFNER, JR.
Plaintiff

vs                                   CIVIL 98-1671CCC

LA REUNION FRANCAISE, S.A.
T.L. DALLAS & CO., LTD. and
SCHAEFFER & ASSOCIATES, INC.
Defendants



### INITIAL SCHEDULING AND CASE MANAGEMENT ORDER

This case was called for an initial scheduling conference on Tuesday, July 3, 2001 at 10:00 a.m. Plaintiff was represented by attorney Paul E. Calvesbert. Attorney Jeanette López-de-Victoria represented Schaffer and Associates and attorney Peter Díaz-Santiago[1] appeared on behalf of the defendants T.L. Dallas and La Reunion Francaise S.A.

This is an action in torts and for breach of contract arising out of defendants' denial of payment on a insurance claim for loss of a vessel. There are no actions related pending in the federal or the Commonwealth courts. Plaintiff will file a motion renewing his allegation of admiralty jurisdiction and to strike various affirmative defenses.

Discovery is in its earliest stages. The parties expect an impasse on some of the requests for production of documents. Defendants plan on deposing any of plaintiff's witnesses who have information regarding the waiver of an out-of-water survey. The defendants accepted numbers 4 and 7 of plaintiff's proposed uncontested facts. Plaintiff accepted numbers 9 and 10 of defendants' proposed facts. The parties will file a joint proposed stipulation of uncontested facts 10 days before the close of discovery.

Having considered the above, the Court now RULES:

The parties are GRANTED until January 18, 2002 to conduct all discovery. By this deadline, all interrogatories and requests for production of documents and for admissions must

---

[1] Mr. Steven Goldman will be filing a motion pro hac vice to join the representation.

be answered and all depositions and examinations taken. This means that interrogatories and requests for admissions must be served at least thirty (30) days prior to the deadline and notice of depositions given within a reasonable time within the deadline. The parties are advised that the discovery period established herein will not be postponed or altered except by order of the Court and upon good cause shown. During this period the parties shall engage in cooperative efforts to conclude all their discovery. Any discovery problem which may not be solved informally as required by the Local Rules of Procedure, shall be brought promptly to the Court's attention. However, no such motion will be reviewed unless it contains a statement by the movant, pursuant to Local Rule 311.11, that a good faith effort was made with opposing counsel to reach an agreement on the matters set forth in the motion. **While any such problem is pending resolution by the Court, discovery on all other matters shall continue. No motion shall interrupt discovery unless the Court so orders.** The parties are reminded that they are not to file any discovery papers with the Court other than as permitted by Local Rule of Procedure 315.

If the filing of a dispositive motion is deemed necessary, it shall be filed no later than thirty (30) days after the conclusion of discovery. If not filed by said date, the arguments thereunder shall be deemed waived. Any opposition will be filed within thirty (30) days after filing of the motion. If any reply to the opposition is needed, it shall be filed only after requesting leave from the Court as required by Local Rule of Procedure 311.7. No other pre-trial dispositive motion shall be filed without first requesting and obtaining the Court's permission.

**The pretrial conference is hereby set for June 20, 2002 at 4:45 PM. The jury trial is set for November 5, 2002 at 10:00 AM.**

The action will be set for a settlement conference after the close of discovery, unless the parties request an earlier setting. **Plaintiff has rejected the possibility of having a Magistrate-Judge hold the trial.**

The dates specified herein were agreed to or otherwise ordered by the Court at the conference and the parties have been informed by the Court that they have to comply with such

CIVIL 98-1671CCC                                              3

schedule regardless of the fact that this Order, in its written form, may not be entered before the event.

Any objections or requests for modification of the terms and conditions of this Order shall be filed within eleven (11) days after notice, or they shall be considered waived.

SO ORDERED.

At San Juan, Puerto Rico, on August 27, 2001.

                                        CARMEN CONSUELO CEREZO
                                        United States District Judge

9-5-01 S/c
J ury Clerk

s/cs:to ( 7 )
attys/pts
in ICMS

SEP - 7 2001